# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

June 23, 2023

*Before:*

**Frank H. Easterbrook,** *Circuit Judge*
**Diane P. Wood,** *Circuit Judge*
**Michael B. Brennan,** *Circuit Judge*

| | |
|---|---|
| AMORY INVESTMENTS LLC, et al., <br>     Plaintiffs-Appellants, <br><br> No. 22-1994      v. <br><br> TYSON FOODS INCORPORATED, et al., <br>     Defendants-Appellees. | ] Appeal from the United <br> ] States District Court for <br> ] the Northern District of <br> ] Illinois, Eastern Division. <br> ] <br> ] No. 1:16-cv-08637 <br> ] <br> ] Thomas M. Durkin, <br> ]      Judge. |

**O R D E R**

On consideration of the papers filed in this appeal and review of the short record,

IT IS ORDERED that this appeal is DISMISSED for lack of jurisdiction.

Twenty-eight plaintiffs appeal a district court order entered on May 4, 2022, "denying their motion to preclude enforcement of certain provisions in the Judgment Sharing Agreement to which fourteen groups of Defendants are parties." Plaintiffs' claims against these defendants remain pending in the district court.

Plaintiffs assert appellate jurisdiction based on the collateral order doctrine, which permits an appeal of select categories of interlocutory orders. Arguments to extend collateral-order review beyond the few, well established categories of orders usually fail. *Herx v. Diocese of Fort Wayne-SouthBend, Ind.*, 772 F.3d 1085, 1088-90 (7th Cir. 2014). Like so many other litigants who have tried to expand the small class of collaterally appealable orders, and mindful of the Supreme Court's admonition against expansion of the doctrine's selective membership, *see Will v. Hallock*, 546 U.S. 345, 350 (2006), the interests that appellants raise do not meet the doctrine's high bar.